IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 17-00103-CR-W-HFS |
| JEREMY M. DOBSON | ) |
| Defendant. | ) |

## ORDER

As indicated by the Report and Recommendation regarding defendant's mental competency to participate in a trial (Doc. 221), this prosecution, going back more than five years, has been plagued by conflicting views about defendant's mental condition, and evolving changes in that condition. Defendant is charged with very serious crimes, including kidnapping, threats of homicide, and abandoning the bound victim in a remote field, where death was either intended or recklessly invited. After independently reviewing the record and briefing I am prepared to adopt the report and recommendation. A trial has been scheduled for next summer.

It is clear that defendant is generally fit mentally, as confirmed by the articulate letter dated this November 21 (Doc 228). The only question as to his ability to assist properly in his defense is the contention that he is delusional and paranoid, with resulting conflicts with defense counsel. His letter suggests investigation of a purported prosecution in State Court,

where he asserts that fingerprints and a photograph of the person arrested would exonerate him and identify the prosecution's "star witness" here. This sort of request of counsel is capable of being handled and evaluated. Potential disputes with counsel are not disabling, or indicative of mental incompetency as to be unable to assist counsel at trial.

Both parties have cited an 8th Circuit case which had some of the problems of this one, and in which a ruling of incompetence to stand trial was reversed. United States v. Ghane, 593 F.3d 775 (8th Cir. 2010). See also a case cited in Ghane, United States v. Lambros, 65 F3d 698 (8th Cir. 1995), where then District Judge Murphy found trial competence when a defendant reported mental implants controlling his conduct. Another case supporting competency to stand trial is United States v. Olivares, 843 F.3d 752 (8th Cir. 2016), emphasizing, however, that trial developments may require reconsideration.

It is therefore ORDERED that the report and recommendation (Doc 221) be ADOPTED and that defendant is determined to be competent to stand trial.

/s/ Howard F. Sachs

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

December 12, 2022
Kansas City, Missouri